Tamara Harris
The Law Office of Tamara M. Harris
68-54 Austin Street, Suite 405
Forest Hills, NY 11375
(646) 960-2057

April 16, 2023

Hon. Peggy Kuo
U.S. Magistrate Judge
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

RE: EVERTON DAWKINS V. FEDERAL BUREAU OF INVESTIGATION, ET AL, NO. 23-CV-849 (MORRISON, J.) (KUO, M.J) (EDNY)

Dear Judge Kuo,

  I write on behalf of plaintiff to respectfully oppose the government's request that the initial conference be cancelled, based on their anticipated motion for summary judgment. My client, Everton Dawkins, has reason to believe that his home has been under electronic surveillance for years, commencing with FBI agents appearing at his residence and inquiring about his former tenants. I previously conferred with defense counsel by email and phone, with respect to records the FBI mailed out after this litigation was commenced. During my initial call with defense counsel, she indicated that the FBI had sent responsive documents, and wanted to know if plaintiff would discontinue the action based on this production. However, the production or records was nothing more than a copy of correspondence my client sent prior to my retention, inquiring about electronic surveillance of his home. These documents were already in my client's possession.

  Upon reviewing the production of these documents, which were not responsive to the issue of whether my client's home was actually under surveillance, I emailed defense counsel that the production of my client's own records, which my client already possessed, would not resolve this litigation.

  My client has repeatedly tried to get a straight answer to one simple question: was his home (which he owns) under surveillance by the FBI. But, despite repeated attempts, the FBI will not answer that simple question, citing privacy concerns. But, my client has no interest in learning about private information pertaining to third parties, including the nature of any investigation into his former tenants. He simply wants to know if his home was under surveillance, when it was under surveillance, and whether there are documents (which can be in redacted form) confirming this surveillance.

      Notably, even the government's Answer evades this critical question. In paragraphs 10-12 of the plaintiff's Verified Complaint he alleges FBI agents came to his home inquiring about former tenants and that the FBI thereafter conducted electronic surveillance of his home. The government's answer improperly refuses to admit or deny the critical allegation, as to whether surveillance was conducted of the plaintiff's home, by implausibly claiming "no response is required" because the allegations is "unrelated to plaintiff's claims." But, that allegation, about electronic surveillance of his home, is the crux of plaintiff's case and the central allegation giving rise to the Complaint. Defendant's answer, refusing to even respond to the allegation, is improper. As such, defendant's request that plaintiff discontinue this action, based on their production of plaintiff's own correspondence inquiring about the existence of surveillance, resolves nothing. Plaintiff's main question is whether he or his his home was under surveillance. Until such time as plaintiff can get an answer in the affirmative or the negative, there is no prospect of him willingly discontinuing this action.

      For the above reasons, plaintiff would like this case to proceed forward, and for the scheduled conference on June 23, 2023 to proceed as planned as well. Thank you.

      I apologize to the Court and my adversary for this delayed response. I have been on vacation for the past two weeks and returned to New York this evening. When I saw an email of the Court's 4/11/23 order, I immediately drafted this letter. Thank you.

                                             /s/Tamara Harris